UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-60465-CIV-MARRA/JOHNSON

VICKI DEITCHMAN,

       Petitioner,

v.

BEAR STEARNS SECURITIES CORP.,

       Respondent.

_____

BEAR STEARNS SECURITIES CORP.,

       Counter-Petitioner,

v.

VICKI DEITCHMAN

       Counter-Respondent.

_____/

**<u>OPINION AND ORDER</u>**

THIS CAUSE is before the Court on Petitioner Vicki Deitchman's Amended Motion to

Vacate Arbitration Award (under seal), Respondent Bear Stearns' Motion for Summary

Judgment on the Amended Motion to Vacate Arbitration Award (under seal), Respondent's

Motion for Summary Judgment on its Counter-Petition to Confirm Arbitration Award and Vacate

in Part and on Entitlement to Statutory Attorneys' Fees (DE 25), and Respondent's Motions for

Sanctions (DE 4, 25).  The motions are now fully briefed and are ripe for review.  The Court has

carefully considered the parties' motions and is fully advised in the premises.

1

## Background

On March 30, 2007, Respondent Bear Stearns Securities Corporation ("Respondent" or "Bear Stearns") removed the instant action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. Petitioner Vicki Deitchman ("Petitioner" or "Deitchman") seeks to vacate an arbitration award rendered in a case she brought before NASD, Inc., arbitrators alleging various causes of action under state and federal securities laws.

The relevant facts, as gleaned from the parties' motions, affidavits, and exhibits are as follows: On February 19, 1999, Bear Stearns and Eastlake Capital, LLC ("Eastlake") entered into a clearing agreement. (Stmt. Cl. ¶ 8.) As explained at the arbitration hearing, "Bear Stearns was simply the clearing broker as part of an outsourcing agreement from Eastlake. Eastlake did not have the facility to clear for itself to provide the customer accounting, to supply the capital and to safekeep securities." (Arb. Hr'g Tr. 316.)

Prior to her relationship with Eastlake, Petitioner Vicki Deitchman ("Petitioner" or "Deitchman") had invested in securities for several years. (Arb. Hr'g Tr. 29.) She was described as an "extraordinarily aggressive investor" with her self-directed accounts. (Arb. Hr'g Tr. 29.) In 2000, Deitchman was "a 59 year old divorcee, self-employed in a small family jewelry business." (Stmt. Cl. ¶ 35.) At the recommendation of a friend, Deitchman met with an independent investment counselor named Dimitrios Lellos. (Stmt. Cl. ¶ 35.) Lellos represented himself as a licensed investment advisor. (Stmt. Cl. ¶ 35.) Deitchman claims that Lellos said he was "connected" with Bear Stearns and Eastlake. (Stmt. Cl. ¶¶ 36, 37.)

After the "destruction" of Deitchman's investment account (*see* Stmt. Cl. ¶¶ 51-52), Deitchman initiated arbitration proceedings against Bear Stearns and Eastlake in 2002. (Resp't

Mot. 4.)  In Detichman's Second Amended Claim, she brought several claims against both Bear

Stearns and Eastlake: one count against each for misrepresentation and failure to supervise under

§ 10(b) and § 20(a) of the Securities Exchange Act of 1934, one count for fraud and deceit, one

count for violation of Florida Statutes § 517.301, one count under Florida Statutes § 517.12,

multiple counts of negligent failure to supervise, and multiple counts of breach of fiduciary duty.

However, at the final evidentiary proceeding before the arbitration panel, Petitioner only

presented evidence relating to her claim under Florida Statutes § 517.12.  (Resp't Mot. 5; Resp't

Ex. I.)

Following a hearing in February 2007, the NASD arbitrators issued their opinion:

"Respondent Bear Stearns is found not liable and all [of Deitchman's] claims are denied in their

entirety."  (Resp't Ex. I.)  The panel also instructed the parties to bear their own costs and

attorneys' fees, aside from those fees set by NASD as part of the arbitration.  (Resp't Ex. I.)

Petitioner then filed a Motion to Vacate the Arbitration Award in the Circuit Court for the

Seventeenth Judicial Circuit of Florida, on the grounds that the NASD did not have "jurisdiction

to arbitrate this case," the arbitrator's award was "arbitrary and capricious," and the award was a

"manifest disregard of the law."  (DE 1.)  Bear Stearns removed the case to this Court, and

Petitioner was granted leave to amend her Motion to Vacate.  Petitioner's Amended Motion to

Vacate (DE 8) abandons these cited grounds for vacating the award and instead advocates

vacatur on the sole ground that the arbitrators failed to consider material evidence in reaching

their decision, thus prejudicing Petitioner's case.

The first document Petitioner sought to enter into evidence is a report resulting from a

settlement agreement between Bear Stearns, the Securities and Exchange Commission ("SEC"),

3

and the New York County District Attorney's Office entitled *Report of the Independent Consultant Pursuant to the Order Instituting Proceedings in the Matter of Bear, Stearns Securities Corp.* (Resp't Ex. E.)  The report consists of a review of Bear Stearns' "supervisory and compliance policies" with recommendations to "assist Bear Stearns . . . in their stated goal of enhancing [their] supervisory and compliance policies, practices and procedures." (Resp't Ex. E at 132.)  The report is dated August 4, 2000. (*Id.*)  The report and final recommendations were not immediately adopted *in toto*; Bear Stearns and the SEC engaged in negotiations for several years before settling on the specific procedures Bear Stearns would have to implement. (Arb. Hr'g Tr. 172.)  After a brief oral argument at the arbitration hearing, the arbitrators excluded the Report and Recommendations on Bear Stearns' *ore tenus* motion. (Arb. Hr'g Tr. 167-74.)

The other documents Deitchman claims were inappropriately excluded were a report of an investigation by NASD of the "principal" of Eastlake, Chris Lim, and his accompanying settlement with NASD ("letter of acceptance, waiver, and consent" or "AWAC"). (Resp't Ex. G, H.)  The investigation revealed sizeable non-payroll payments Eastlake made to certain individuals, including Lellos.  Neither document explained the nature of the payments to Lellos nor did either document reference any role played by Bear Stearns in making those payments. Prior to trial, the arbitrators excluded the AWAC from evidence.[1] (Resp't Mot. 13.)  The arbitrators excluded the report of the investigation after brief oral argument on Bear Stearns' *ore tenus* motion at the beginning of the arbitration hearing. (Arb. Hr'g Tr. 17-19.)

Bear Stearns argues first that the evidence Deitchman claims was inappropriately

---

[1]It appears from the filings that Petitioner does not dispute the exclusion of the AWAC. Instead, Petitioner contends only that the exclusion of the NASD investigation was inappropriate and prejudicial.

excluded by the arbitrators is irrelevant to Deitchman's claim under Florida Statutes § 517.12. (Resp't Mot. 15-16.)  Bear Stearns then argues, even if those excluded documents were relevant, Deitchman was not prejudiced by the exclusion of evidence such that she was denied a full and fair hearing on her claims.  (Resp't Mot. 21-22.)  Finally, Bear Stearns avers that valid grounds exist to exclude the documents, so Plaintiff should not be permitted to prevail on her claim. (Resp't Mot. 22-24.)

### I.  MOTION TO VACATE/SUMMARY JUDGMENT TO CONFIRM ARBITRATION

#### Standard of Review

*Arbitration Award*

Any case "involving" interstate commerce where arbitration is at issue, like the instant case, will be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.  See Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265 (1995).  When reviewing arbitration awards, courts are expected to give great deference to the awards.  *Brown v. Rauscher Pierce Refsnes*, Inc., 994 F.2d 775, 778 (11th Cir. 1993); *Robbins v. Day*, 954 F.2d 679, 682 (11th Cir. 1992); *First Preservation Capital, Inc., v. Smith Barney, Harris Upham & Co., Inc.*, 939 F. Supp. 1559, 1563 (S.D. Fla. 1996).   The Federal Arbitration Act presumes that reviewing courts will confirm arbitration awards and that the courts' review will be severely limited.  *Robbins*, 954 F.2d at 682; *see also AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, No. 07-10130, slip op. at 10-11 (11th Cir. Nov. 28, 2007) ("Because arbitration is an alternative to litigation, judicial review of arbitration decisions is 'among the narrowest known to the law.'") (internal citations omitted).  Arbitration awards are presumed to be correct, and the burden is on the party requesting vacatur to rebut this presumption by refuting "every rational basis upon which the

arbitrator could have relied." *Robbins*, 954 F.2d at 684; *Schmidt v. Finberg*, 942 F.2d 1571, 1574-75 (11ᵗʰ Cir. 1991). The Eleventh Circuit has recognized the following grounds for vacating an award: 1) statutory grounds set forth in 9 U.S.C. § 10; 2) the award is arbitrary and capricious; or 3) the award is contrary to public policy. *Robbins*, 954 F.2d at 683; *Brown*, 994 F.2d at 780.

Specifically, 9 U.S.C. § 10(a)(3) allows the Court to vacate an arbitration award where the arbitrators either refused to postpone the evidentiary hearing or refused to hear material evidence *and* that behavior prejudiced one of the parties.[2] "In making evidentiary determinations, arbitrators are not required to 'follow all the niceties observed by the federal courts,' but they must give the parties a fundamentally fair hearing." *Rosensweig v. Morgan Stanley & Co.*, 494 F.3d 1328, 1333 (11ᵗʰ Cir. 2007) (internal citations omitted). Arbitrators are not bound by formal rules of procedure or evidence, and the Court may only vacate an arbitration award if the refusal to consider evidence prejudices the rights of the parties. *Id.* If the arbitrators do not explain why they reach a particular decision, the Court's inquiry is limited to whether "there was any reasonable basis for [the arbitrator's] decision." *Id.*; *see also Robbins*, 954 F.2d at 684 ("Where 'a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed.'"). The arbitrator need only give the parties an opportunity to

---

[2]While the parties concur (and the Court agrees) that the Federal Arbitration Act applies in this case, the Court notes that Florida law provides an almost identical basis for vacating an arbitration award. *See* Fla. Stat. § 682.13(1)(d). Thus, the analysis under either the Federal Arbitration Act or Florida law would be the same. Florida's arbitration laws surrounding vacatur differ from the Federal Arbitration Act only in that vacatur under Florida law must be based on a statute; no non-statutory grounds for vacating an arbitration award exist. *See, e.g., State Dept. of Insurance v. First Floridian Auto and Home Ins. Co.*, 803 So. 2d 771, 775 (Fla. Dist. Ct. App. 2001).

present arguments and evidence; the arbitrator need not hear *all* evidence presented by the

parties. *Robbins*, 954 F.2d at 685. "Vacatur is appropriate only when the exclusion of relevant

evidence 'so affects the rights of a party that it may be said that he was deprived of a fair

hearing.'" *Hoteles Condado Beach, La Concha and Convention Center v. Union De Tronquistas

Local 901*, 763 F.2d 34, 40 (1st Cir. 1985).

*Summary Judgment*

The Court may grant summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a

genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323(1986). The Court should not grant summary judgment unless it is clear that a trial is

unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this

regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for

its motion, and identifying those portions of [the record] which it believes demonstrate the

absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this

burden, the movant must point out to the Court that there is an absence of evidence to support the

nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and

the nonmoving party "must do more than simply show that there is some metaphysical doubt as

to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249-50.

*Discussion*

In this case, Petitioner carries the burden of demonstrating both that the proffered evidence was material to her case and that exclusion of that material evidence prejudiced her case. To meet this extremely high burden, Petitioner must demonstrate that no rational basis existed for the arbitrators' decision to exclude the Report and Recommendations and the NASD Investigation Report. On the evidence submitted, even when considered in the light most favorable to Petitioner, Petitioner cannot meet this burden.

The Court agrees with Respondent that the arbitrators' decision to exclude the evidence in question could have been based in reason. The Independent Consultant's Report merely summarized Bear Stearns' compliance and internal operating policies for a period of years

pursuant to a settlement with the U.S. Government prior to Bear Stearns' relationship with Eastlake.  The Recommendations included with the report were non-binding and were not immediately nor collectively adopted.  Bear Stearns' counsel reminded the arbitration panel that violation of any of the proposed rule changes in the Report could not give rise to any private cause of action.  (Arb. Hr'g Tr. 172.)  The arbitrators were thus faced with substantial questions as to the relevance of Petitioner's proffered evidence.

Bear Stearns also argued that the Report and Recommendations should be excluded based on the policy interest of keeping settlement negotiations and offers of compromise confidential. Specifically citing Federal Rule of Evidence 408, Bear Stearns argued that the Report should be excluded because it was the product of settlement negotiations with the SEC.  Allowing admissions Bear Stearns made in one settlement to be used against it in other, unrelated litigation would discourage settlements.  The arbitrators could have reasonably found that the Report and Recommendations were inappropriate forms of evidence based on the same considerations motivating Rule 408.  The Court cannot conclude that Petitioner was denied a fair hearing due to the exclusion of the Report and Recommendations.

As for the NASD Investigation of Chris Lim, the Court similarly finds Petitioner's arguments unavailing.  First, the Court fails to see how the Investigation report is relevant.  The Investigation shows that Lellos received payments from Eastlake, but the Investigation report connects neither Eastlake nor Lellos to Bear Stearns.  As Bear Stearns argued at the arbitration hearing, it would be reasonable to allow the Investigation report to be admitted as against Eastlake, but no nexus exists between the Investigation report and Bear Stearns.  Thus, the relevance of the report is questionable at best.  In addition, the arbitration panel had previously

excluded the AWAC, and it does not appear irrational to the Court that the arbitration panel would also exclude the very document that led to the execution of the AWAC for the same or similar reasons.  Again, the Court cannot conclude that Petitioner was denied a fair hearing.

Finally, even if the evidence is relevant, Deitchman has not presented any persuasive argument that she was prejudiced by the exclusion of the evidence.  The Court notes that Petitioner made no attempt or effort to establish a foundation or proffer substitute evidence.  For instance, Petitioner did not call as a witness the NASD investigator who investigated Chris Lim to link Bear Stearns to the payments made by Eastlake to Lellos.  The Court cannot conclude that the result of the arbitration would have been different but for the exclusion of this evidence. Petitioner could have, at very least, attempted to find other evidence and testimony to present at the hearing.  Petitioner cannot and should not ask this Court to vacate her arbitration award based on her unsuccessful litigation strategy.

## II.  ENTITLEMENT TO ATTORNEYS' FEES

At the conclusion of the arbitration, the arbitrators refused to award either party attorneys' fees, stating "[t]he parties are to bear their own attorneys' fees."  (Resp't Ex. I.)  Bear Stearns challenges this portion of the arbitrator's ruling on the ground that neither of the parties submitted the issue of attorneys' fees to the arbitration panel.  Under 9 U.S.C. § 11(b), the Court may modify an arbitration award "[w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted."  Under this grant of authority, Bear Stearns asks this Court to vacate the arbitrator's ruling on attorneys' fees and consider the issue of entitlement de novo.

The law is well-settled that an arbitrator "can bind the parties only on issues that they

have agreed to submit to him" and that the determination of "[w]hether an arbitrator has

exceeded these bounds is an issue of judicial resolution." *Piggly Wiggly Operators' Warehouse,*

*Inc. v. Piggly Wiggly Operators' Warehouse Independent Truck Drivers Union, Local No. 1*, 611

F.2d 580, 583 (5ᵗʰ Cir. 1980).[3]  Bear Stearns did include, in its Answer to the Second Amended

Statement of Claim, a request for "reasonable attorneys' fees."  (Resp't Ans. 22.)  Nevertheless,

at the conclusion of the arbitration hearing, Bear Stearns expressly reserved the issue of

attorneys' fees and withdrew the issue from consideration by the arbitrators.[4]  Petitioner did not

object.

Instead, Deitchman argues that this dispute is controlled by *Shields & Co. v. Bright*, 99

Fed. Appx. 875 (11ᵗʰ Cir. 2004).  The Court fails to understand Deitchman's argument.  *Bright* is

an order *without an opinion* issued by the Eleventh Circuit affirming in part and reversing in part

a decision from the Middle District of Florida.  Notably, the district court's opinion reviewed by

the Eleventh Circuit did not address the issue of attorneys' fees.[5]

Deitchman also points to a Florida case, *Appelbaum v. Fayerman*, 937 So. 2d 282 (4ᵗʰ Fla.

---

[3]In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11ᵗʰ Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

[4]"And, finally, we did ask for attorney's fees which we will reserve on.  I'm not asking this panel to get into that.  We will reserve, and depending on the outcome of the case, we may or may not pursue fees in a court.  So, that's not an issue that this panel needs to deal with."  Arb. Hr'g Tr. at 412 (statement of Mr. Falk).

[5]The district court did address the issue of attorneys' fees in a separate opinion. *Shields & Co. v. Bright*, 2002 WL 32069129 (M.D. Fla. Sept. 23, 2002).  The Court found that equitable grounds existed to allow the respondent to withdraw its request for attorneys' fees at the arbitration hearing, so the court granted the respondent's motion to vacate the arbitrator's award of attorneys' fees. *Id.* at *2.

Dist. Ct. App. 2006).  In *Appelbaum*, the court explained that Fla. Stat. § 682.11 governing fees

and expenses related to an arbitration requires an "express waiver" of the right to have the

entitlement to attorneys' fees decided by a court for the decision of the arbitrator to be binding.

*Id.* at 284; *see also Turnberry Associates v. Service Station Aid, Inc.*, 651 So. 2d 1173, 1175 (Fla.

1995).  On the facts of that case, the court held that no on-the-record stipulation was made that

the arbitrators would decide the entitlement to attorneys' fees nor could the court find

"substantial, competent evidence to support" the finding of an express waiver.  *Id*. at 284.

Therefore, judicial determination of attorneys' fees was appropriate.

  The Court again fails to see how this case supports Deitchman's position that the decision

of the arbitrators is binding.  While it is true that Bear Stearns initially waived the right to have a

court determine its entitlement to attorneys' fees, Bear Stearns later withdrew that waiver, and

Deitchman made no objection.  Instead, counsel for Deitchman stated as follows: "As far as

attorney's fees, we cannot – we would ask for the panel to decide the issue of entitlement to

attorney's fees, but you can't unless both parties do that.  So, that's going to be an issue, I guess,

for the courts at some point in time." (Arb. Hr'g Tr. 419.)  From this passage, Deitchman clearly

understood the court's holding in *Appelbaum*.  Thus, the Court can only assume that Deitchman's

whole argument is that this Court should reject *Appelbaum* and adopt the "reasoning" of an

unpublished, per curiam order of the Eleventh Circuit that, on its face, appears to have nothing to

do with an arbitrator's determination of entitlement to attorneys' fees.[6]

---

  [6]In any event, Deitchman's entire argument is misplaced.  *Appelbaum* was adjudicated under Florida's arbitration laws, not the Federal Arbitration Act.  The Federal Arbitration Act allows arbitrators to consider the issue of statutory attorneys' fees as they would any other issue. No "express waiver" is necessary for a court to consider the entitlement to attorneys' fees.  If the parties place the issue of attorneys' fees before the panel, the panel's decision is binding.  *See,*

In this case, Bear Stearns put the issue of entitlement to attorneys' fees before the

arbitrators, but then Bear Stearns withdrew that issue from consideration.  Whether based on a

misinterpretation of the law or a tactical error, Deitchman agreed to withdraw the attorneys' fees

issue from consideration by the arbitrators.  The Court concludes, therefore, that the decision of

the NASD arbitration panel ordering each party to pay its own attorneys' fees must be vacated.

Florida Statutes § 517.211(6) states, in pertinent part: "In any action brought under this

section . . . the court shall award reasonable attorneys' fees to the prevailing party unless the

court finds that the award of such fees would be unjust."  Deitchman's single cause of action

submitted to the arbitration panel was under Fla. Stat. § 517.12.  Thus, this case clearly falls

under the ambit of this statute allowing the Court to award attorneys fees.  Unless the award of

fees would be unjust, the Court is compelled to award fees to the prevailing party.  *See Golub v.*

*J.W. Gant & Associates*, 863 F.2d 1516, 1521 (11th Cir. 1989).

To award attorneys' fees under Florida law, the party seeking fees must have pled or

otherwise put the opposing party on notice that it was seeking fees.  *Stockman v. Downs*, 573 So.

2d 835, 837-38 (Fla. 1991).  In this case, Bear Stearns stated in its Answer to the Second

Amended Statement of Claim that it was seeking attorneys' fees.  Thus, Deitchman had notice

that attorneys' fees would be an issue at the conclusion of the case.  Additionally, it is beyond

dispute that Bear Stearns is the "prevailing party" in this case – the arbitration panel ruled in

favor of Bear Stearns on the merits.

Deitchman offers no rational reason to conclude that the award would be unjust.  Instead,

Deitchman concludes that an award of attorneys' fees would be "unjust" because "Bear Stearns

_____

*e.g., Marshall & Co. v. Duke*, 114 F.3d 188, 189-90 (11th Cir. 1997).

in essence 'made' Vicki Deitchman's case." (Pet. Resp. 5, Sep. 17, 2006.)  The Court is at a loss

as to the injustice that would be served on Deitchman here and how "making" the case is in any

way related to an award of fees.  Accordingly, statutory attorneys' fees under Fla. Stat. §

517.211(6) are hereby awarded to Bear Stearns.

### III.  RULE 11 SANCTIONS

Bear Stearns asks this Court to sanction Petitioner under Rule 11(c) of the Federal Rules

of Civil Procedure.  Bear Stearns bases its request on the Eleventh Circuit's holding in *B.L.*

*Harbert International, LLC v. Hercules Steel Co.*, 441 F.3d 905 (11th Cir. 2006).  In that case, the

Court stated, in pertinent part:

> Courts cannot prevent parties from trying to convert arbitration
> losses into court victories, but it may be that we can and should
> insist that if a party on the short end of an arbitration award attacks
> that award in court without any real legal basis for doing so, that
> party should pay sanctions.  *Id.* at 913.

In essence, the Eleventh Circuit held that sanctions are appropriate where the losing party in

arbitration brings a motion to vacate the arbitration award where there is no evidence to support

nor any basis in law for the attack on the arbitration.  *Id.*

In this case, the Court cannot conclude that Deitchman's challenge was utterly devoid of

a basis in law that would compel the Court to impose sanctions.  The improper exclusion of

evidence from an arbitration hearing is a valid ground for vacatur, and Deitchman identified two

items of evidence that were excluded by the arbitrators.  While the Court disagrees with

Deitchman's argument that the exclusion of such evidence is prejudicial to her case (or, for that

matter, relevant to her case), the Court refuses to sanction a party solely for losing their argument

in court.  Had Deitchman alleged that the arbitrators manifestly disregarded the law, as the losing

14

party did in *B.L. Harbert*, then the Court would be more inclined to entertain the notion of

sanctions because no rational basis in law or fact would exist to support that form of attack.

Accordingly, Bear Stearns' Motions for Sanctions are denied.

## IV.  CONCLUSION

It is hereby **ORDERED AND ADJUDGED** as follows:

1.  The arbitrator's decision is **CONFIRMED IN PART** and **VACATED IN PART**.

2.  Deitchman's Amended Motion to Vacate Arbitration Award is **DENIED**;

3.  Bear Stearns' Motion for Summary Judgment on the Amended Motion to Vacate Arbitration

is **GRANTED**;

4.  Bear Stearns' Motion for Summary Judgment on its Counter-Petition to Confirm Arbitration

Award and Vacate in Part and on Entitlement to Statutory Attorneys' Fees (DE 25) is

**GRANTED**;

5.  Bear Stearns' Motions for Sanctions (DE 4, 29) are **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 28th day of December, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record